## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 13** |
| **LORI DEROBBIO,** | ) | **No. 10-11548** |
| Debtor. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| **LORI DEROBBIO,** | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Adv. Pro No. 10-01042** |
| | ) | |
| **CENTRAL PACIFIC MORTGAGE** | ) | |
| **COMPANY; MORTGAGE** | ) | |
| **ELECTRONIC REGISTRATION** | ) | |
| **SYSTEMS; BAC HOME LOANS** | ) | |
| **SERVICING; and FEDERAL NATIONAL** | ) | |
| **MORTGAGE ASSOCIATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### <u>DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT AND FOR RELIEF FROM STAY</u>

Now come Defendants, Mortgage Electronic Registration Systems, Inc., BAC Home Loans Servicing LP, and Federal National Mortgage Association (hereinafter collectively "Defendants"), in the above-entitled action and, in accordance with Rule 12(b)(1) of the Federal Rules of Civil Procedure and 28 U.S.C.A. § 1334, hereby move to dismiss Plaintiff's Adversary Complaint for lack of jurisdiction and pursuant to the doctrine of abstention.

In support of this Motion, Defendants set forth as follows:

1.      On April 12, 2010, Lori J. DeRobbio (hereinafter "Plaintiff") filed a Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court for the District of Rhode Island.

2.      On or about April 13, 2010, Plaintiff filed a Verified Complaint for Declaratory

Judgment and Injunctive Relief in Providence County Superior Court, which is

currently pending.

3.      On June 29, 2010, Plaintiff filed the within Adversary Complaint for Declaratory

Judgement [sic] Equitable Relief, and Damages with the same allegations as those

contained in the complaint filed in state court.

## BACKGROUND

4.      On or about December 23, 2003, Plaintiff granted a Mortgage on property located

at 68 Uxbridge Street in Cranston, Rhode Island (hereinafter "Property") to

Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Central

Pacific Mortgage Company (hereinafter "Central Pacific") in the amount of

$75,000.00 and the Mortgage was recorded on December 26, 2003.

5.      On or about December 23, 2003, Plaintiff executed a Note in the amount of

$75,000.00 in favor of Central Pacific, which was secured by the Mortgage.

6.      On or about January 29, 2010, MERS assigned the Mortgage to Federal National

Mortgage Association (hereinafter "Fannie Mae") via an Assignment of Mortgage

recorded on February 2, 2010.

7.      On April 12, 2010, Fannie Mae conducted a mortgagee's foreclosure auction

pursuant to the terms of its Mortgage and the Property was purchased by a third-

party bidder at the foreclosure auction prior to Plaintiff filing the underlying

bankruptcy petition.

8.      Fannie Mae has been unable to convey the Property to the third-party purchaser

due to the pending actions in bankruptcy court and state court filed by Plaintiff.

## ARGUMENT

**Plaintiff's Adversary Complaint should be dismissed because the Court lacks jurisdiction to adjudicate the matter and the Court should abstain from adjudicating the matter pursuant to 28 U.S.C.A. § 1334.**

1.  The Court lacks jurisdiction to adjudicate Plaintiff's Adversary Complaint.

While, pursuant to 28 U.S.C.A. § 157, the bankruptcy court "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11," the adversary proceeding filed by Plaintiff is neither a case or core proceeding under title 11, nor a case arising under title 11.  Plaintiff's adversary complaint concerns title to the Property, which was sold at the mortgagee's foreclosure auction to a third party prior to the filing of the underlying bankruptcy petition and nearly three months prior to the filing of the within adversary complaint.  As such, Plaintiff had no interest in the property when she filed the underlying bankruptcy petition as her interest was extinguished at the time of the auction.  *See* In Re Peter A. Medaglia, BK No. 08-12804, (Bankr.R.I. 2008).   The adversary complaint is clearly not a case under title 11, and it is not a core proceeding as defined in 28 U.S.C.A. § 157(b)(2) because Plaintiff's interest and mortgage had been extinguished by the foreclosure sale and so the matter does not concern the administration of the estate nor does it involve any of the other enumerated circumstances considered a "core proceeding."  Finally, the adversary proceeding only arises under title 11 by virtue of having been filed by Plaintiff within the pending Chapter 13 bankruptcy action, while a state court action had already been pending.  Plaintiff's adversary complaint should be dismissed for lack of jurisdiction.

2. <u>In the alternative, the Court should abstain from adjudicating the Adversary
Complaint.</u>

The Court should abstain from adjudicating this matter; there are two types of abstention

provided for in 28 U.S.C.A. § 1334 (c): mandatory and permissive.  Courts have enumerated six

requirements for mandatory abstention pursuant to 28 U.S.C.A. § 1334(c)(2):

> (1) the motion to abstain is timely, (2) the proceeding is based on a
> state law cause of action, (3) the proceeding is related to a case
> under title 11 but does not arise under title 11, (4) the action could
> not have been commenced in federal court absent jurisdiction
> under 28 U.S.C. section 1334, (5) the state court action has
> commenced, and (6) the state court action can be timely
> adjudicated.

Diversified Mortgage Co., Inc., v. Gold, et al. (In re Gold), 247 B.R. 574, 579 (Bankr.D.Mass.

2000).

Defendants file the within motion because Plaintiff commenced a state court action

nearly three months prior to the adversary proceeding based on the same state law causes of

action.  While the adversary proceeding may be related to the underlying bankruptcy pursuant to

title 11, the proceeding does not arise under title 11 and could not have been commenced in

federal court absent the underlying bankruptcy petition.  Defendants have filed an Answer in the

state court action and are prepared to file a Motion for Summary Judgment to pursue

adjudication in state court.  As a result, abstention in this matter is mandatory and Plaintiff's

adversary complaint should be dismissed.

In the alternative, the Court should exercise its discretion to abstain from adjudicating

this matter as provided for pursuant to the concept of permissive abstention.  28 U.S.C.A. §

1334(c)(1) provides that "[n]othing in this section prevents a district court in the interest of

justice, or in the interest of comity with State courts or respect for State law, from abstaining

from hearing a particular proceeding arising under title 11 or arising in or related to a case under

title 11."  Some courts have considered the following factors in determining whether to exercise

permissive abstention pursuant to the statute:

> (1) the effect or lack thereof on the efficient administration of the
> estate if a Court recommends abstention, (2) the extent to which
> state law issues predominate over bankruptcy issues, (3) the
> difficulty or unsettled nature of the applicable state law, (4) the
> presence of a related proceeding commenced in state court or other
> nonbankruptcy court, (5) the jurisdictional basis, if any, other than
> 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of
> the proceeding to the main bankruptcy case, (7) the substance
> rather than the form of an asserted "core" proceeding, (8) the
> feasibility of severing state law claims from core bankruptcy
> matters to allow judgments to be entered in state court with
> enforcement left to the bankruptcy court, (9) the burden of [the
> court's] docket, (10) the likelihood that the commencement of the
> proceeding in bankruptcy court involves forum shopping by one of
> the parties, (11) the existence of a right to a jury trial, and (12) the
> presence in the proceeding of nondebtor parties.

Gold, 247 B.R. 574, 580 (D.Mass. 2000) (*citing* Republic Reader's Serv., Inc. v.

Magazine Serv. Bureau, Inc. (In re Republic Reader's Serv., Inc.), 81 B.R. 422

(Bankr.S.D.Tex. 1987)).

It is clear that the claims involved in Plaintiff's adversary complaint should be considered

in state court, even without the benefit of applying the preceding factors.  The complaints filed in

this court and in the state court are predominantly identical, both in the claims presented and the

actual language of the complaints themselves.  The claims relate to a challenge to title and the

foreclosure based on the standing of MERS to act as mortgagee in a nominee capacity and to

assign its mortgage pursuant to Rhode Island law.  There are a number of similar actions pending

in Rhode Island courts and one case is pending before the Rhode Island Supreme Court.

In further considering the matter in light of the factors enumerated in Gold, the

conclusion that this matter should be heard and adjudicated in state court is strengthened.

Plaintiff's pending state court action was commenced nearly three months prior to the adversary

complaint and involves particular issues of Rhode Island law.  Abstention in these circumstances would not effect the efficient administration of the estate and the reason for Plaintiff commencing an adversary proceeding with the same complaint filed in state court is not clear.  In considering and applying each factor enumerated in <u>Gold</u>, the result weighs heavily in favor of this Court abstaining from adjudicating the matter.  While the Supreme Court has cautioned that "[a]bstention…is the exception, not the rule[]" and considers abstention to be "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it[,]" the circumstances in this matter are clearly extraordinary and therefore the Court should exercise its discretion to abstain and the adversary complaint should be dismissed.

**WHEREFORE**, Defendants, Mortgage Electronic Registration Systems, Inc., BAC Home Loans Servicing LP, and Federal National Mortgage Association, respectfully request that this Court:

1.      Dismiss Plaintiff's Adversary Complaint with prejudice;

2.      Grant Defendants relief from stay to proceed with the state court action;

3.      Award Defendants their costs and reasonable attorneys' fees in defending this action; and

4.      Grant any such further relief as the Court deems fair and appropriate.

Respectfully submitted,

**MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,
INC, BAC HOME LOANS
SERVICING LP, AND FEDERAL
NATIONAL MORTGAGE
ASSOCIATION,**

By their Attorney,

/s/ Bethany M. Whitmarsh, Esq.
Bethany M. Whitmarsh, Esq. #7318
HARMON LAW OFFICES P.C.
P.O. Box 610389
Newton Highlands, MA 02461
(617) 558-6103 (phone)
(617) 243-4038 (fax)
bwhitmarsh@harmonlaw.com

DATED: August 12, 2010

## CERTIFICATION

I, Bethany M. Whitmarsh, state that on August 12, 2010, I electronically filed Defendants'
Motion to Dismiss Plaintiff's Adversary Complaint and for Relief from Stay using the CM/ECF
System. I served the foregoing document on the following CM/ECF participants:

George E. Babcock, Esq.

Gary L. Donahue

John Boyajian, Esq.

Peter G. Berman, Esq.


I certify that I have mailed by first class mail, postage prepaid the documents
electronically filed with the court on the following non CM/ECF participants:

Central Pacific Mortgage Company
950 Iron Point Road
Suite 200
Folson, CA 95630

/s/ Bethany M. Whitmarsh
Bethany M. Whitmarsh, Esq. #7318